**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamien Jensen, et al., ) | No. CV-15-8019-PHX-SPL |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| EXC, Inc., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiffs' Renewed Motion for Judgment as a Matter of Law (the "Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 50(b). (Doc. 220) For the following reasons, the Motion will be denied.

**I.    Background**

The events in this case took place on September 21, 2004 in Kayenta, Arizona. (Doc. 206 at 4) Defendant Conlon was driving a tour bus, as an employee of Defendant EXC, Inc., when he departed a hotel parking lot. (Doc. 206 at 4-5) Defendant Conlon turned right, traveling westbound onto Highway 160. (Doc. 206 at 4-5) Instead of staying in the right lane, Defendant Conlon illegally moved into the left lane. (Doc. 206 at 4-5) Plaintiffs were passengers in a car heading eastbound on Highway 160. (Doc. 206 at 6) The tour bus and Plaintiffs' car collided, and the driver of Plaintiffs' car was killed upon impact. (Doc. 206 at 6-7) In 2015, Plaintiffs filed the Complaint, alleging claims for negligence. (Doc. 1)

A seven-day trial began on December 10, 2019. (Doc. 183) The Court made a

finding of negligence per se due to Defendant Conlon's illegal lane change in violation of A.R.S. § 28-721. (Doc. 194 at 15) Therefore, the trial focused on the causation and damages elements of Plaintiffs' negligence claims. At the close of evidence, Plaintiffs motioned the Court to enter a judgement as a matter of law. (Doc. 214 at 4-13) The Court denied the motion, and the jury ultimately found in favor of Defendants. (Docs. 197; 214 at 4-13) On January 20, 2020, Plaintiffs timely filed a renewed motion for judgment as a matter of law pursuant to Rule 50(b). (Doc. 220)

## II.    Legal Standard

A party may renew a motion for judgment as a matter of law no later than twenty-eight days after the entry of judgment in a jury trial. Fed. R. Civ. P. 50(b). "The test [on a Rule 50(b) motion] is whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *Estate of Diaz v. City of Anaheim,* 840 F.3d 592, 604 (9th Cir. 2016) (internal quotations and citation omitted). Mere disagreement with the jury's outcome is insufficient. Only when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue" is judgment as a matter of law appropriate. Fed. R. Civ. P. 50(a). Where there is sufficient conflicting evidence, or if reasonable minds could differ over the verdict, judgment as a matter of law is improper. *Id.*

## III.   Discussion

In the Motion, Plaintiffs argue that the Court's denial of their first motion for judgment as a matter of law was based on unreasonable inferences and speculation from the evidence. (Doc. 220 at 3) Focusing on the issue of causation, Plaintiffs assert that the jury could not have reasonably found in favor of Defendants because "the evidence adduced at trial conclusively established that the accident would not have occurred if Mr. Conlon followed the [traffic] law." (Doc. 220 at 5) Specifically, Plaintiffs cite to the testimony of three witnesses to support their argument: (1) Defendant Conlon's testimony that the accident would not have happened if he was driving in the right lane; (2) Defendants' expert witness' testimony that he never analyzed the issue of whether the bus

being in the left lane caused the accident; and (3) Plaintiffs' expert witness' testimony that the accident would not have happened if Defendant Conlon was driving in the right lane. (Doc. 220 at 4-5)

In response, Defendants argue that substantial evidence presented at trial supports the jury's verdict. (Doc. 221 at 1) Defendants cite to the testimony of three witnesses to support their position: (1) Defendant Conlon's testimony that Plaintiffs' car crossed over into his lane of traffic just before the collision; (2) testimony from an eye witness stating that Plaintiffs' car veered toward the bus just before the collision; and (3) Defendants' expert witness' testimony that the gouges in the asphalt indicated that Plaintiffs' car veered into the bus's lane at least two to three feet just before the collision. (Doc. 221 at 2-3)

As this Court has noted before, under Arizona law, a statutory violation does not relieve a plaintiff from his or her burden of proving causation. *City of Phoenix v. Mullen*, 174 P.2d 422, 424 (Ariz. 1946). Instead, it is for the jury to determine whether a statutory violation "in any way contributed to the accident and injury of the plaintiff." *Id*. To establish the burden of proof for causation, a plaintiff must set forth evidence that "the defendant's negligent acts were the proximate cause of the plaintiff's injuries." *Graffiti-Venezuela v. City of Phoenix*, 167 P.3d 711, 717 (Ariz. Ct. App. 2007) (citation omitted). Proximate cause is "a natural and continuous sequence of events stemming from the defendant's act or omission, unbroken by any efficient intervening cause, that produces an injury, in whole or in part, and without which the injury would not have occurred." *Id*. However, a superseding cause, which is sufficient to become the proximate cause of the final result and relieve defendant of liability for his original negligence, arises when an intervening cause occurs and was unforeseeable. *See Ontiveros v. Borak*, 667 P.2d 200, 205-06 (Ariz. 1983). Whether an event constitutes a superseding cause is ordinarily a question of fact for the jury to decide. *See Pompeneo v. Verde Valley Guidance Clinic*, 249 P.3d 1112, 1114 (Ariz. Ct. App. 2011).

Here, Defendants cite to three sources of evidence supporting their theory that the decedent driver crossed into Defendant Conlon's lane, which ultimately caused the

accident. The Court finds that, viewing the evidence in a light most favorable to Defendants, reasonable minds could differ on whether Defendant Conlon's statutory violation was the proximate cause of the accident or the decedent driver's actions constituted an intervening-superseding cause of the accident. Because the evidence does not clearly compel a verdict for Plaintiffs, judgment as a matter of law is improper. Accordingly,

**IT IS ORDERED** that Plaintiffs' Renewed Motion for Judgment as a Matter of Law (Doc. 220) is **denied**.

Dated this 15th day of April, 2020.

Honorable Steven P. Logan
United States District Judge