**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamien Rae Jensen, et al., | No. CV-15-08019-PCT-SPL |
| Plaintiffs, | **ORDER** |
| vs. | |
| EXC Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion in Limine No. 8 to Preclude Misstatements Regarding Gatekeeping Function on Rule 702 Testimony (Doc. 247) and Defendants' Motion to Strike (Doc. 250). The Court now rules as follows.

A jury trial was held in this case from December 10–19, 2019, and a verdict was ultimately issued in favor of Defendants. (ME 183–89). The case was subsequently appealed to the Ninth Circuit Court of Appeals, which affirmed in part, reversed in part, and remanded for a new trial. (Doc. 231-1). That new trial is set to begin on December 3, 2024. (ME 234).

On October 29, 2024, Plaintiffs filed their Motion in Limine No. 8 to Preclude Misstatements Regarding Gatekeeping Function on Rule 702 Testimony (Doc. 247), in which they ask this Court to preclude Defendants from making "inappropriate commentary meant to mislead the jury regarding the Court's gatekeeping function regarding admission of expert testimony and confusing the jury regarding its role to weigh evidence, not determine qualification of experts at trial." (Doc. 247 at 1–2). They claim that defense

counsel made various "inappropriate objection[s]" on this basis in front of the jury during the last trial, and they are seeking to prevent it from happening again. (*Id.* at 2).

On November 5, 2024, Defendants filed a Motion to Strike (Doc. 250), in which they ask this Court to strike Plaintiffs' Motion in Limine No. 8 (Doc. 247) based on this Court's comments at the January 23, 2024 status conference, during which the Court noted that it did not intend to receive any additional pretrial documents for the retrial (Doc. 250-1 at 4). (Doc. 250 at 2). Defendants also note that "Plaintiffs neither sought nor obtained any authorization from this Court" to file their eighth motion *in limine*. (*Id.*).

The original deadline for filing motions *in limine* in this matter was May 7, 2019, prior to the first trial of this case. (Doc. 128). At no time was that deadline extended to account for the retrial of this case, nor did Plaintiffs seek such an extension. The Court may strike improper or untimely documents based on its "inherent power over the administration of its business." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) The Court will therefore strike Plaintiffs' Motion in Limine No. 8 (Doc. 247) as untimely. Plaintiffs may certainly raise the proper objections at trial if Defendants misconstrue the Court's expert witness-gatekeeping function under Federal Rule of Evidence 702. *See generally Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (holding that trial judges act as gatekeepers to exclude all unreliable expert testimony). However, as the Court previously noted during the January 23 status conference, it does not intend to rule on any new pretrial documents or change any of the pretrial documents that have already been received in this case.

///
///
///
///
///
///
///
///

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike (Doc. 250) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine No. 8 to Preclude Misstatements Regarding Gatekeeping Function on Rule 702 Testimony (Doc. 247) shall be **stricken** as untimely.

Dated this 5th day of November, 2024.

Honorable Steven P. Logan
United States District Judge